UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS STRONG,

                Plaintiff,

v.                                  Case No. 17-cv-1765-pp

WISCONSIN DEPARTMENT OF ADMINISTRATION,
KATHLEEN KALASHIAN,
WISCONSIN DEPARTMENT OF CORRECTIONS,
AARON SABLE, ROGER NEVEAU,
and CHAD CORRIGAN,

                Defendants.

---

**ORDER SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND RELIEF (DKT. NO. 9), AND DISMISSING CASE WITHOUT PREJUDICE**

---

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and resolves his motion to amend relief, dkt. no. 9. It also dismisses his case without prejudice, because the case is premature.

**I.    Motion for Leave to Proceed without Prepayment the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows

a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 21, 2017, the court waived the initial partial filing fee. Dkt. No. 5. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the $350 filing fee over time in the manner explained at the end of this order.

II. **Screening the Plaintiff's Complaint**

A. *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    B.    *The Plaintiff's Allegations*

The plaintiff alleges that on June 3, 2013, the Outagamie Circuit Court imposed and stayed a sentence, and place him on probation, in State of Wisconsin v. Strong, Case No. 2011CF000005 (Outagamie Circuit Court). Dkt. No. 1 at 7. (See State v. Strong, Case No. 2011CF000005 (Outagamie Circuit Court), located at https://wcca.wicourts.gov). He says that on March 21, 2017, the Wisconsin Department of Corrections (DOC) issued an "Order to Detain" the plaintiff to the Outagamie County Jail, based on alleged probation violations. Id. The plaintiff says that he made a "timely and colorable claim to have not committed violation of the conditions upon which Strong is at liberty." Id. Defendant DOC Agent Chad Corrigan subsequently served the plaintiff with a "Notice of Violation, Recommended Action, Statement of Hearing Rights and

3

Receipt Document." Id. The Statement of Hearing Rights stated that the plaintiff was entitled to a preliminary revocation hearing and an attorney. Id. at 8.

The plaintiff alleges that he "timely sought to exercise the right to counsel as entitled in the revocation action." Id. On April 17, 2017, following a preliminary revocation hearing, DOC Magistrate Michelle Davis prepared a document that stated that she had found probable cause to recommend revocation of the plaintiff's probation, and that the plaintiff had the "right to legal counsel" for a final revocation hearing. Id. at 9.

The plaintiff indicates that on November 21, 2017, he appeared (without counsel) before defendant Kathleen Kalashian (whom he identifies as the "fact finder . . . on behalf of the State of Wisconsin Department of Administration," for his final revocation hearing.[1] Id. The plaintiff alleges that defendant Neveau, who appeared at the hearing on behalf of the DOC, took no action when the plaintiff objected to the final revocation hearing taking place without the plaintiff having legal representation. Id. at 11. Kalashian allegedly moved forward with the hearing contrary to state and federal law. Id. The plaintiff asserts that on December 11, 2017, Kalashian issued an order revoking the plaintiff's probation. Id. at 12. (See State v. Strong, Case No. 2011CF000005 (Outagamie Circuit Court), January 8, 2018 docket entry referring to "Decision

---

[1] The Wisconsin Circuit Court Access Program does not mention a hearing on November 21, 2017.

4

dated 12/11/17 from St. of WI—Division of Hearings and Appeals to deft,"[2] located at https://wcca.wicourts.gov).

The plaintiff claims that his revocation hearing violated his Fifth and Fourteenth Amendment due process rights, "in addition to other rights and privileges." Id. at 13. He seeks monetary damages, injunctive relief and declaratory relief. Id. The plaintiff also seeks an "order of any adjudication of the probation revocation status to be conducted in a manner that comports with federal constitutional standards." Id.

On February 9, 2018, the court received from the plaintiff a document entitled "Motion to Amend Relief Sought in Complaint. Dkt. No. 9. The plaintiff asked the court to allow him to amend the relief sought in the complaint to "include collateral, declaratory, equitable, injunctive, and prospective in addition to any other relief deemed just and proper by the court, aide form any monetary relief sought in the original complaint." Id.

C.  *The Court's Analysis*

The plaintiff argues that his revocation hearing took place in violation of various DOC regulations and policies, including the regulation that provides that the inmate has the right to assistance of counsel. In the context of revocation proceedings,

> the Supreme Court has held that the defendant has a constitutional right to counsel only if the denial of counsel would violate due process of law, which ordinarily will be true only if the defendant makes a colorable claim "(i) that he has not committed the alleged violation of the conditions upon which he is at liberty;

---

[2] The electronic record does not indicate who issued the decision, and the plaintiff did not provide a copy of the decision.

or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate."

United States v. Eskridge, 445 F.3d 930, 932 (7th Cir. 2006) (quoting Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973)).

First, the plaintiff's challenge to the constitutionality of his revocation proceedings is premature. The revocation proceedings are not finished. According to Wisconsin online court records, a sentencing hearing on the plaintiff's revocation currently is scheduled for May 1, 2018 at 2:30 p.m. before Judge Nancy Krueger.[3] See State v. Strong, Case No. 2011CF000005 (Outagamie County), located at https://wcca.wicourts.gov (last visited April 27, 2018). Federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. See Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013) (citing SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 677 (7th Cir. 2010)); see also Younger v. Harris, 401 U.S. 37 (1971).

Second, it appears that the plaintiff is arguing that the revocation hearing and the revocation were unconstitutional—were illegal—because he wasn't allowed to have a lawyer. The question this court must ask is whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, then this court *must* dismiss his §1983 complaint. That is because §1983 is a statute that allows people to sue for certain, specific kinds

---

[3] The online court records reflect that the plaintiff currently has an attorney in the state court case.

6

of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485.

The plaintiff has two options available to him if he wants to challenge the validity, or legality, of his revocation. First, because his revocation proceedings are not over yet, he has the opportunity to appeal. After the circuit court judge sentences him, he can appeal both the fact that he was revoked and the sentence he receives through the state court system. Second, an inmate who wants to challenge the "validity of [his] confinement" may do so by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004).

The court will dismiss the plaintiff's complaint without prejudice. Once his revocation proceedings are over, and he has exhausted applicable state court remedies (such as appeal), the plaintiff can consider whether he wants to file a federal *habeas* petition under §2254 or a claim for money damages under §1983. If the plaintiff decides to file a federal *habeas* petition, he will have to demonstrate that he has "exhausted" his remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a *pro se* guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion to amend relief. Dkt. No. 9.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 30th day of April, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**