UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS STRONG,

                Plaintiff,

v.                                         Case No. 17-cv-1765-pp
                                          Appeal No. 18-2132

WISCONSIN DEPARTMENT
OF ADMINISTRATION, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 16)**

---

On April 30, 2018, the court issued an order dismissing this case. Dkt. No. 11. The plaintiff filed a notice of appeal on May 21, 2018. Dkt. No. 14. He has filed a motion for leave to proceed without prepaying the appellate filing fee. Dkt. No. 16.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 filing fee in advance for an appeal, he can request leave to proceed without prepaying it. In order for the court to consider such a request, the prisoner must complete a petition and affidavit to proceed and return them to the court, along with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly

1

balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the prisoner pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not established indigence, the prisoner brought the appeal in bad faith, or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has shown that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If the court granted a party permission to proceed without prepaying the filing fee in the district court action, the party may proceed on appeal without prepaying the fee without further authorization, unless the district court certifies that the party did not take the appeal in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) ("... a plaintiff who ... was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). A prisoner takes an appeal in "good faith" when he seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, a prisoner takes an appeal in bad faith when the appeal is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

This court does not find any indication that the plaintiff has not taken his appeal in good faith. The court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information shows that the plaintiff must pay an initial partial filing fee of $0.31, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 16.

The court **ORDERS** that within thirty days of the date of this order, the plaintiff shall forward to the Clerk of Court the sum of $0.31 as the initial partial filing fee. If the clerk's office does not receive the partial filing fee by the thirtieth day, the court of appeals may dismiss the appeal. The plaintiff shall clearly identify the payment by the case name and number.

The court **ORDERS** that after the plaintiff has filed the initial filing fee, the institution having custody of the plaintiff shall collect from his prison trust account the $504.69 balance of the filing fee, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. § 1915(b)(2). The institution shall clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will mail a copy of this order to the Warden of the Redgranite Correctional Institution, as well as to PLRA Attorney, United States Court of

Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 28th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**